IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:16-cv-00602-JRG |
| § | |
| WATER PIK, INC., § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT WATER PIK, INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Water Pik, Inc. ("Water Pik"), by and through its undersigned counsel, files its Answer, Affirmative Defenses and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff" or "Symbology") Complaint.

**PARTIES AND JURISDICTION**

1.      Water Pik admits that the Complaint purports to state a claim for patent infringement under Title 35 of the United States Code and for injunctive relief.  Water Pik denies that Plaintiff is entitled to any relief from Water Pik, and denies all remaining allegations of Paragraph 1 of the Complaint.

2.      Water Pik admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Water Pik denies all remaining allegations of Paragraph 2 of the Complaint.

3.      Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.      Water Pik admits the allegations in Paragraph 4 of the Complaint.

1

5. Water Pik denies the allegations in paragraph 5 of the Complaint.

6. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

## VENUE

7. Water Pik admits that venue may be proper in this district. Water Pik denies that venue is convenient in this judicial district as to Water Pik. Water Pik denies it has committed acts of infringement and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. Water Pik incorporates by reference its responses to Paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. Water Pik admits that the Complaint purports to state a claim under the patent laws of the United States, in particular 35 U.S.C. §§ 271, *et seq.* Water Pik denies all remaining allegations of Paragraph 9 of the Complaint.

10. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Water Pik admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Water Pik denies the allegations of Paragraph 12 of the Complaint.

13. Water Pik denies the allegations of Paragraph 13 of the Complaint.

14. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Water Pik denies the allegations in Paragraph 19 of the Complaint.

20. Water Pik denies the allegations in Paragraph 20 of the Complaint.

21. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

22. Water Pik incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Water Pik admits that the Complaint purports to state a claim under the patent laws of the United States, in particular 35 U.S.C. §§ 271, *et seq.*  Water Pik denies all remaining allegations of Paragraph 23 of the Complaint.

24. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. Water Pik admits that a purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the Complaint as Exhibit B and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Water Pik denies the allegations in Paragraph 26 of the Complaint.

27. Water Pik denies the allegations in Paragraph 27 of the Complaint.

28. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. Water Pik denies the allegations in Paragraph 33 of the Complaint.

34. Water Pik denies the allegations in Paragraph 34 of the Complaint.

35. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

36. Water Pik incorporates by reference its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Water Pik admits that the Complaint purports to state a claim under the patent laws of the United States, in particular 35 U.S.C. §§ 271, *et seq.* Water Pik denies all remaining allegations of Paragraph 37 of the Complaint.

38. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies them.

39. Water Pik admits that a purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the Complaint as Exhibit C and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and therefore denies them.

40. Water Pik denies the allegations in Paragraph 40 of the Complaint.

41. Water Pik denies the allegations in Paragraph 41 of the Complaint.

42. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies them.

43. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies them.

44. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies them.

45. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies them.

46. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies them.

47. Water Pik denies the allegations in Paragraph 47 of the Complaint.

48. Water Pik denies the allegations in Paragraph 48 of the Complaint.

49. Water Pik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies them.

## RESPONSE TO PRAYER FOR RELIEF

Water Pik denies each and every allegation of the Complaint not expressly admitted herein, and denies that Symbology is entitled to any relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, Water Pik expressly reserves the right to allege additional defenses as they become known during discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Water Pik is not infringing and has not infringed any valid claim of the '752 Patent, the '369 Patent, or the '190 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Each asserted claim of the '752 Patent, the '369 Patent, and the '190 Patent is invalid and patent-ineligible for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and the rules, regulations and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

Any claim for patent infringement damages asserted by Symbology is limited by 35 U.S.C. § 287 to only those damages occurring after proper notice of infringement was provided to Water Pik.

### FOURTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 288)

Any claim by Symbology for damages and/or costs may be statutorily limited under 35 U.S.C. § 288.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

The claims alleged in the Complaint are barred, in whole or in part, by the equitable doctrines of laches, estoppel, acquiescence, waiver and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Each asserted claim of the '752 Patent, the '369 Patent, and the '190 Patent is not entitled to a scope sufficient to encompass any system employed or process practiced by Water Pik.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

Symbology is not entitled to injunctive relief because any alleged harm to Symbology is not irreparable, and Symbology has an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim – Section 101)

Plaintiff's Complaint fails to state a claim upon which relief can be granted because each of the '752 Patent, the '369 Patent, and the '190 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim – Indirect Infringement)

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## WATER PIK'S COUNTERCLAIMS

For its Counterclaims against Counter-Defendant Symbology Innovations, LLC ("Symbology"), Counterclaimant Water Pik, Inc. ("Counterclaimant" or "Water Pik"), by and through its attorneys, states and alleges as follows:

### PARTIES

1. On information and belief, based on Symbology's Complaint, Symbology is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Water Pik is a Delaware corporation with its principal place of business located at 1730 E. Prospect Road, Fort Collins, Colorado 80553.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the united States 35 U.S.C. §§ 1, *et seq.*

4. Symbology has submitted to personal jurisdiction in this Court by virtue of filing the present action.

5. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '752 Patent,**
**the '369 Patent, and the '190 Patent)**

6. Water Pik repeats and re-alleges the foregoing allegations as though fully set forth herein.

7. Symbology accuses Water Pik of infringing the '752 Patent, the '369 Patent, and the '190 Patent. Water Pik has never infringed and is not liable for any infringement of any valid claim of the '752 Patent, the '369 Patent, or the '190 Patent either directly or indirectly, literally, or under the doctrine of equivalents.

8. An immediate, real, and justiciable controversy exists between Water Pik and Symbology with respect to the alleged infringement of the '752 Patent, the '369 Patent, and the '190 Patent so as to warrant declaratory relief.

9. Water Pik requests a declaratory judgment that it does not infringe, directly or indirectly, any claim of the '752 Patent, the '369 Patent, or the '190 Patent.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '752 Patent,**
**the '369 Patent, and the '190 Patent)**

10. Water Pik repeats and re-alleges the foregoing allegations as though fully set forth herein.

11. The '752 Patent, the '369 Patent, and the '190 Patent are invalid for failure to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and/or the doctrine of obviousness-type double patenting.

12. An immediate, real, and justiciable controversy exists between Water Pik and Symbology with respect to the invalidity of the '752 Patent, the '369 Patent, and the '190 Patent.

13. Water Pik requests a declaratory judgment that the '752 Patent, the '369 Patent, and the '190 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Water Pik, Inc. prays for this Court to enter judgment in Water Pik's favor and against Symbology by granting the following relief:

A. Dismissal with prejudice of Symbology's Complaint in its entirety;

B. Adjudging that Symbology is entitled to none of the relief requested in its Complaint;

C. Adjudging and declaring that Water Pik has not and does not infringe, under any theory, any valid claim of the '752 Patent, the '369 Patent, or the '190 Patent;

D. Adjudging and declaring that the '752 Patent, the '369 Patent, and the '190 Patent are invalid;

E. Declaring this case exceptional and awarding Water Pik its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285; and

F. Granting Water Pik such other relief as the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2016.

*/s/Lee F. Johnston*
Lee F. Johnston
Lead Attorney
Texas Bar No. 10839600
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, Colorado 80202-5549
Telephone:  (303) 629-3400
Facsimile:  (303) 629-3450
Email: johnston.lee@dorsey.com

***Attorneys for Defendant/Counterclaimant
Water Pik, Inc.***

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on September 22, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document, titled **DEFENDANT WATER PIK, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**, via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

          */s/ Lee F. Johnston*
          Lee F. Johnston
          DORSEY & WHITNEY LLP
          Attorneys for Defendant/Counterclaimant Water Pik, Inc.
          1400 Wewatta Street, Suite 400
          Denver, Colorado 80202-5549
          Telephone: (303) 629-3400
          Email: johnston.lee@dorsey.com